1  Brian J. Recor (SBN 229091)
   Andrea N. Winternitz (SBN 275221)
2  **BRYAN CAVE LLP**
   120 Broadway, Suite 300
3  Santa Monica, California  90401-2386
   Telephone:  (310) 576-2100
4  Facsimile:  (310) 576-2200
   E-Mail:       brian.recor@bryancave.com
5              andrea.winternitz@bryancave.com

6  Attorneys for Defendants
   COUNTRYWIDE HOME LOANS, INC.
7  dba AMERICA'S WHOLESALE LENDER;
   U.S. BANK NATIONAL ASSOCIATION (erroneously
8  sued as "US BANK NATIONAL ASSOCIATION");
   RECONTRUST COMPANY, N.A.; BANK OF
9  AMERICA, N.A. (as successor by merger to BAC HOME
   LOANS SERVICING, LP, erroneously sued as "BAC
10 HOME LOANS SERVING, LP"); MORTGAGE
   ELECTRONIC REGISTRATION SYSTEMS, INC.
11 (erroneously sued as "MORTGAGE ELECTRONIC
   REGISTRATION SYSTEM, INC"); and CYNTHIA QUINONES

12

13           **UNITED STATES DISTRICT COURT**

14           **CENTRAL DISTRICT OF CALIFORNIA**

15

16 OTILIA LUNA, ALFONSO LUNA,          Case No. 2:12-cv-00029-DDP-SH

17           Plaintiffs,               *Honorable Dean D. Pregerson*

18      v.                             **DEFENDANTS' NOTICE OF
                                       MOTION AND MOTION TO
19 AMERICA'S WHOLESALE LENDER; US      DISMISS FIRST AMENDED
   BANK NATIONAL ASSOCIATION;         COMPLAINT PURSUANT TO
20 RECONTRUST COMPANY, N.A.; BAC       FED. R. CIV. P. 12(b)(6);
   HOME LOANS SERVING, LP,            MEMORANDUM OF POINTS
21 MORTGAGE ELECTRONIC                 AND AUTHORITIES IN
   REGISTRATION SYSTEM, INC.;         SUPPORT THEREOF**
22 CYNTHIA QUINONES; ROBERT
   RUELAS; DANIEL RODRIGUEZ; DOUG      [Filed concurrently with Request for
23 COLLOP; and all persons unknown,    Judicial Notice and Proposed Order]
   claiming any legal or equitable right, title,
24 estate, lien, or interest in the property      Date:  February 13, 2012
   described in the complaint adverse to   Time:  10:00 a.m.
25 Plaintiff's title, or any cloud on Plaintiff title   Place:  Courtroom 3, 2nd Floor
   thereto; DOES 1-20
26                                      Complaint Filed:  November 14, 2011
           Defendants.                  Action Removed:  January 3, 2012
27                                      Trial Date:  Not Assigned

28

SM01DOCS\875958.1

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**TO THE PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 13, 2012, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3, on the 2nd floor of the above-captioned Court, located at 312 N. Spring Street, Los Angeles, California 90012, Defendants Countrywide Home Loans, Inc. dba America's Wholesale Lender ("AWL"), U.S. Bank National Association ("U.S. Bank"), ReconTrust Company, N.A. ("ReconTrust"), Bank of America, N.A. (as successor by merger to BAC Home Loans Servicing, LP ("BACHLS")), Mortgage Electronic Registration Systems, Inc. ("MERS"); and Cynthia Quinones (collectively, "Defendants") will, and hereby do, move the Court to dismiss the First Amended Complaint ("FAC") of Plaintiffs Otilia Luna and Alfonso Luna ("Plaintiffs") without leave to amend, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, all pleadings and records on file in this action, the oral argument of the parties, and any further matters as the Court may consider.

**<u>Compliance with L.R. 7-3</u>**

This motion is made following attempts to conference with Plaintiffs pursuant to L.R. 7-3, which took place on December 28, 2011, and January 6 and 9, 2012.

Defendants' counsel tried multiple times to call Plaintiffs to discuss our intent to file a motion to dismiss the FAC and possible resolution of the case outside of litigation, but without success. Each time Defendants' counsel called the number listed for Plaintiffs in their pleadings (310-955-6541), they received a message that the phone's voice-mailbox was full and would not accept new messages.

On January 9, 2012, a man who identified himself as "Nana" called Defendants' counsel saying that he was a business partner for Plaintiffs. Defendants' counsel informed him of our intent to file a motion to dismiss because none of the causes of action stated a viable claim for relief, especially in light of the fact that the

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

property had already been sold at a foreclosure sale and Plaintiffs had not met the prerequisite of tender required in order to challenge a completed foreclosure sale. Nana stated that he would relay the information to Plaintiffs and they may be willing to file a second amended complaint.  As of the date of this filing, Defendants' counsel have not heard back from Plaintiffs regarding their intentions for this case.  As such, the parties have been unable to reach a resolution which would have eliminated the necessity for a hearing.

Dated:  January 10, 2012                    Respectfully submitted,

Brian J. Recor
Andrea N. Winternitz
**BRYAN CAVE LLP**

By:  /s/ Andrea N. Winternitz
        Andrea N. Winternitz
Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.
dba AMERICA'S WHOLESALE LENDER;
U.S. BANK NATIONAL ASSOCIATION;
RECONTRUST COMPANY, N.A.; BANK
OF AMERICA, N.A. (as successor by merger
to BAC HOME LOANS SERVICING, LP);
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; and
CYNTHIA QUINONES

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# TABLE OF CONTENTS

**Page**

II.  FACTUAL BACKGROUND AND ALLEGATIONS ............................................ 1

III.  STANDARD FOR MOTION TO DISMISS ................................................. 3

IV.  LEGAL ARGUMENT ................................................................................. 4

    A.  Plaintiffs' Claims Are Time-Barred .......................................................... 4

    B.  Plaintiffs Cannot Challenge Foreclosure Without Tender and Therefore the 5th, 6th, 10th, 11th, 12th, 13th, 17th, 18th, 19th, 20th, 21st, 22nd, 23rd, 24th, 25th Causes of Action Necessarily Fail ....................................................... 7

    C.  The 1st, 2nd, 8th and 11th Claims Based on Fraud Lack Specificity .......... 9

        1.  Standard for Fraud Under Rule 9(b) ................................................ 9

        2.  Plaintiffs' Bare Allegations of Fraud Fail Under Rule 9(b) ............ 10

    D.  The 3rd and 25th Claims Fail Because AWL Owed No Duty ................... 11

    E.  The Fourth Cause of Action for Predatory Lending (Cal. Fin Code § 4970) Is Time-Barred and Conclusory ............................................................... 12

    F.  The 5th and 6th Claims for Violations of HOEPA and TILA are Time-Barred, Require Tender, and are Conclusory ........................................................ 13

    G.  Plaintiffs Lacks Standing to Assert the 7th Cause of Action for Violations of Cal. Bus. & Prof. Code § 17200 ........................................................... 16

    H.  The 9th Claim for Civil Conspiracy is Not a Cause of Action ................. 17

    I.  The 10th Claim for Unconscionability Is Not a Cause of Action .............. 17

    J.  The 12th Claim For Re-conveyance of Title Is Not Recognized ............... 18

    K.  The 13th, 14th, 17th, 19th, and 20th Claims Are Not Causes of Action .... 18

    L.  The 15th Claim Does Not Allege Any Express Loan Terms Affected ....... 19

    M.  Plaintiffs Cannot State a CLRA Claim (16th) Against Defendants ........... 19

    N.  Plaintiffs Do Not, and Cannot, State a Claim to Quiet Title (18th) .......... 20

    O.  The 21st, 22nd, 23rd, and 24th Causes of Action Alleging Defects in the Foreclosure Process Fail As a Matter of Law ........................................... 21

    P.  The 26th Claim for Breach of Contract Fails Against Defendants ............ 22

V.  PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES FAILS ..................... 23

VI.  PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES FAILS ......................... 23

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

VII.    CONCLUSION ...................................................................................................... 24

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page

## CASES

*Abdallah v. United Savings Bank*,
43 Cal. App. 4th 1101 (1996) ...............................................................................7

*Accuimage Diagnostics Corp. v. Terarecon, Inc.*,
260 F. Supp. 2d 941 (N.D. Cal. 2003) .................................................................17

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
7 Cal. 4th 503 (1994) ..........................................................................................17

*Arnolds Management Corp. v. Eischen*,
158 Cal. App. 3d 575 (1984) .................................................................................7

*Arreola v. Wells Fargo Home Mortg.*,
2011 U.S. Dist. LEXIS 33493 (E.D. Cal. 2011) ..................................................18

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ...........................................................................................3

*ATSI Comm., Inc. v. The Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007) .....................................................................................4

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) ..................................................................................3

*Batt v. City and County of San Francisco*,
155 Cal. App. 4th 65 (2007) .................................................................................18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................3

*Berry v. Am. Express Publ'g Co.*,
147 Cal. App. 4th 224 (2007) ...............................................................................20

*Bureerong v. Uvawas*,
922 F. Supp. 1450 (C.D. Cal. 1996) .....................................................................24

*Calvo v. HSBC Bank USA, N.A.*,
199 Cal. App. 4th 118 (2011) .........................................................................21, 22

*Canova v. Trustees of Imperial Irr. Dist. Employee Pension Plan*,
150 Cal. App. 4th 1487 (2007) .............................................................................22

*Charnay v. Cobert*,
145 Cal. App. 4th 170 (2006) .................................................................................9

*Conroy v. Regents of Univ. of California*,
45 Cal. 4th 1244 (2009) ..........................................................................................9

*Consumer Solutions Reo, LLC v. Hillery*,
658 F. Supp. 2d 1002 (N.D. Cal. 2009) ...............................................................20

*Cooper v. Pickett*,
137 F.3d 616 (9th Cir. 1997) ................................................................................10

*David Welch Co. v. Erskine & Tulley*,
203 Cal. App. 3d 884 (1988) ..................................................................................5

*Dean Witter Reynolds, Inc. v. Superior Court*,
211 Cal. App. 3d 758 (1989) ................................................................................18

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

*Desaigoudar v. Meyercord,*
   223 F.3d 1020 (9th Cir. 2000) ...................................................................9

*Durell v. Sharp Healthcare,*
   183 Cal. App. 4th 1350 (2010) ................................................................18

*Durning v. First Boston Corp.,*
   815 F.2d 1265 (9th Cir. 1987) ...................................................................4

*Edwards v. Marin Park, Inc.,*
   356 F.3d 1058 (9th Cir. 2004) .................................................................10

*E-Fab, Inc. v. Accountants, Inc. Services,*
   153 Cal. App. 4th 1308 (2007) ..................................................................5

*Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,*
   122 F.3d 1211 (9th Cir. 1997) .................................................................17

*Fairbanks v. Superior Court,*
   46 Cal. 4th 56 (2009) ..............................................................................20

*Farner v. Countrywide Home Loans, Inc.,*
   No. 08-CV-2193, 2009 WL 189025 (S.D. Cal. Jan. 29, 2009)................22

*Fontenot v. Wells Fargo Bank, N.A.,*
   198 Cal. App. 4th 256 (2011) ..................................................................22

*Gaffney v. Downey Savings & Loan Assn.*
   200 Cal.App.3d 1154 (1988) .....................................................................7

*Grieves v. Superior Court,*
   157 Cal. App. 3d 159 (1984) ...................................................................23

*Hensler v. City of Glendale,*
   8 Cal 4th 1 (1994) .....................................................................................4

*Hubbard v. Fidelity Federal Bank,*
   91 F.3d 75 (9th Cir. 1996) .......................................................................15

*In re First Alliance Mortgage Co.,*
   471 F.3d 977 (9th Cir. 2006) ...................................................................15

*Karlsen v. Am. Sav. & Loan Ass'n,*
   15 Cal. App. 3d 112 (1971) ...................................................................7, 8

*Kemezis v. Matthew,*
   No. Civ.A. 07-5086, 2008 WL 2468377 (E.D. Pa. June 16, 2008) .........14

*Kransco v. Am. Empire Surplus Lines Ins. Co.,*
   23 Cal. 4th 390 (2000) ............................................................................19

*Krieger v. Nick Alexander Imports, Inc.,*
   234 Cal. App. 3d 205 (1991) .....................................................................5

*Landis v. Superior Court,*
   232 Cal. App. 2d 548 (1965) ...................................................................18

*Linear Tech. Corp. v. Applies Materials, Inc.,*
   142 Cal.App.4th 115 (2007) ......................................................................9

*Lynch v. RKS Mortg., Inc.,*
   588 F. Supp. 1254 (E.D. Cal. 2008).........................................................15

*Mabry v. Superior Court,*
   185 Cal. App. 4th 208 (2010) ..................................................................22

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Marin Healthcare Dist. v. Sutter Health,*
   103 Cal. App. 4th 861 (2002) ........................................................................4

*Meyer v. Ameriquest Mortg. Co.,*
   342 F.3d 899 (9th Cir. 2003) ......................................................................14

*Miguel v. Country Funding Corp.,*
   309 F.3d 1161 (9th Cir. 2002) ....................................................................14

*Mitsui Mfrs. Bank v. Superior Court,*
   212 Cal. App. 3d 726 (1989) ......................................................................19

*Moore v. Kayport Package Express, Inc.,*
   885 F.2d 531 (9th Cir. 1989) ......................................................................10

*Muktarian v. Barmby,*
   63 Cal. 2d 558 (1965) ..................................................................................4

*Navarro v. Block,*
   250 F.3d 729 (9th Cir. 2001) ........................................................................3

*Nguyen v. Calhoun,*
   105 Cal. App .4th 428 (2003) ........................................................................7

*Pasadena Live, LLC v. City of Pasadena,*
   114 Cal. App. 4th 1089 (2004) ....................................................................19

*People v. McKale,*
   25 Cal. 3d 626 (1979) ................................................................................17

*Perlas v. GMAC Mortgage, LLC,*
   187 Cal. App. 4th 429 (2010) ......................................................................11

*Peterson v. Cellco Partnership,*
   164 Cal. App. 4th 1583 (2008) ....................................................................16

*Pottinger v. Accredited Home Lenders, Inc.,*
   2009 U.S. Dist. LEXIS 18074, 2009 WL 616445 (E.D. Cal. 2009) ................13

*Roberts v. Lomanto,*
   112 Cal. App. 4th 1553 (2004) ....................................................................12

*Santa Maria v. Pac. Bell,*
   202 F.3d 1170 (9th Cir. 2000) ......................................................................6

*Scholar v. Pac. Bell,*
   963 F.2d 264 (9th Cir. 1992) ........................................................................6

*Smith v. Superior Court,*
   10 Cal. App. 4th 1033 (1992) ......................................................................23

*Star Pac. Invs., Inc. v. Oro Hills Ranch, Inc.,*
   121 Cal. App. 3d 447 (1981) ........................................................................8

*Stebley v. Litton Loan Servicing,*
   2011 Cal. App. LEXIS 1644 (Nov. 30, 2011) ................................................7

*Stockwell v. Barnum,*
   7 Cal. App. 413 (1908) ..............................................................................21

*Swartz v. KPMG LLP,*
   476 F.3d 756 (9th Cir. 2007) ......................................................................10

*Tri-Continent Int'l Corp. v. Paris Sav. & Loan Ass'n,*
   12 Cal. App. 4th 1354 (1993) ......................................................................22

*United States Cold Storage v. Great W. Sav. & Loan Ass'n,*
   165 Cal. App. 3d 1214 (1985) ................................................................7

*Vasquez v. L.A. County,*
   487 F.3d 1246 (9th Cir. 2007) ..............................................................4

*Whittlestone, Inc. v. Handi-Craft Co.,*
   618 F.3d 970 (9th Cir. 2010) ...............................................................24

*Wolf v. Superior Court,*
   107 Cal. App. 4th 25 (2003) ................................................................12

*Wool v. Tandem Computers, Inc.,*
   818 F.2d 1433 (9th Cir. 1987) ..............................................................10

*Wright v. City of Morro Bay,*
   144 Cal. App. 4th 767 (2006) ...............................................................20

*Yamamoto v. Bank of N.Y.,*
   329 F.3d 1167 (9th Cir. 2003) .........................................................14, 15

*Yulaeva v. Greenpoint Mortgage Funding, Inc.,*
   2010 WL 5394859 (E.D. Cal. 2010) .....................................................15

## **STATUTES**

15 U.S.C. § 1602(aa) ................................................................................15

15 U.S.C. § 1635(b) ..................................................................................15

15 U.S.C. § 1635(f) .............................................................................5, 14

15 U.S.C. § 1638(a) ..................................................................................14

15 U.S.C. § 1638(b) ..................................................................................14

15 U.S.C. § 1639 .......................................................................................15

Cal. Bus. & Prof. Code § 17200 ..............................................................16

Cal. Civ. Code § 1670.5 ...........................................................................17

Cal. Civ. Code § 1691 ................................................................................8

Cal. Civ. Code § 1709 ................................................................................9

Cal. Civ. Code § 1710(2) ...........................................................................9

Cal. Civ. Code § 1761(b) .........................................................................20

Cal. Civ. Code § 1770(a) ..........................................................................20

Cal. Civ. Code § 1780(c) ..........................................................................20

Cal. Civ. Code § 1783 ................................................................................5

Cal. Civ. Code § 2923.6 ...........................................................................21

Cal. Civ. Code § 2932.5 ...........................................................................21

Cal. Civ. Code § 3294(b) .........................................................................23

Cal. Code Civ. Proc. § 1021 .....................................................................23

Cal. Code Civ. Proc. § 337(1) ....................................................................5

Cal. Code Civ. Proc. § 337(3) ....................................................................5

Cal. Code Civ. Proc. § 338 .........................................................................4

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Cal. Code Civ. Proc. § 338(a) ...................................................................5

Cal. Code Civ. Proc. § 339 .......................................................................5

Cal. Code Civ. Proc. § 343 .......................................................................5

Cal. Code Civ. Proc. § 761.020(a)-(e) ....................................................20

Cal. Fin. Code § 4970 .......................................................................12, 13

Cal. Fin. Code § 4973 .............................................................................13

## OTHER AUTHORITIES

5 Witkin, California Procedure § 663 (5th ed. 2008) ..............................20

Greenwald & Asimow, *Cal. Prac. Guide: Real Property Transactions*, § 11:531.5
   (The Rutter Group, 2008) ....................................................................4

## RULES

12 C.F.R. § 226.17(b) ..............................................................................14

12 C.F.R. § 226.23(b) ..............................................................................14

12 C.F.R. § 226.23(d) ..............................................................................15

Fed. R. Civ. P. 12(b)(6) ......................................................................3, 24

Fed. R. Civ. P. 12(f) ................................................................................24

Fed. R. Civ. P. 8(a)(2) ...............................................................................1

Fed. R. Civ. P. 9(b) .............................................................................9, 10

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

In stark conflict with the requirement under Rule 8(a)(2) of the Federal Rules of Civil Procedure for "a short and plain statement of the claim showing that the pleader is entitled to relief," Otilia Luna and Alfonso Luna ("Plaintiffs") have filed a tortuous sixty page, twenty-six claim, First Amended Complaint ("FAC") alleging misconduct in the origination of their loan, imperfect securitization of their loan, and wrongful foreclosure by the moving Defendants.

Plaintiffs' kitchen sink FAC is not only rife with redundant and unnecessary allegations, but it fails to plead the basic and essential elements of the claims they are asserting.  Plaintiffs spend numerous pages attacking the mortgage industry in general and equating banks with "salivating carnivores dressed in lambs' clothing luring unwitting and docile lambs to the feeding trough," and comparing mortgage-backed trust pools to "swimming pools [that] are specifically designed to drown all swimmers."  (FAC ¶¶ 90-138.)  Plaintiffs' claims are subject to dismissal due to Plaintiffs' nearly six-year delay in bringing their action, their failure to allege tender of the amount due on their loan, and their failure to distinguish among the alleged conduct of each of the individually named defendants in this case.  The numerous other claims fail for independent reasons, as set forth herein.

### II.   FACTUAL BACKGROUND AND ALLEGATIONS

On December 12, 2005, Plaintiffs signed a promissory note ("Note") and entered into a loan agreement with America's Wholesale Lender ("AWL") for $650,000.  (FAC ¶¶ 2, 19; Request for Judicial Notice ("RJN") Ex. A.)[1]  The Note was secured by a Deed of Trust ("DOT") to real property located at 1802-1808 W. 4th Street, Los Angeles, CA 90057 ("Property").  (FAC ¶ 1, 19; RJN Ex. B.)  Plaintiffs

---

[1] In paragraph 19 of the FAC, Plaintiffs allege that they entered into the loan on July 12, 2007. However, the judicially noticeable documents for the property show that they entered into the loan on December 12, 2005. (RJN Exs. A, B.)

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

admit signing the Note and DOT knowing that the loan had an adjustable interest rate. (FAC ¶ 25; RJN Exs. A, p. 1, and B, pp. 3, 24-29.)  However, they claim that they were "rushed" through the process of signing all the forms, they were told they could refinance it later, and AWL "glossed over the requisite disclosures," "did not properly explain or disclose the pitfalls of the loan," and "did not properly disclose their intent to assign the DOT" or sell it "into a mortgage-backed investment pool."  (FAC ¶¶ 23-24.)  The DOT names ReconTrust Company, N.A. ("ReconTrust") as the Trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the Beneficiary.  (FAC ¶¶ 4, 5; RJN Ex. B.)

Also on December 12, 2005, Plaintiffs obtained another loan from AWL in the amount of $92,000.  (RJN Ex. C.)  This loan was secured by a second DOT, which was recorded on January 3, 2006.  (RJN Ex. C.)  BAC Home Loans Servicing, LP ("BACHLS") serviced both loans.  (FAC ¶ 1.) [2]

"Shortly after Plaintiffs entered into [their loans]…[their] income began to decline."  (FAC ¶ 25.)  In December 2007, Plaintiffs defaulted on their loans and ReconTrust recorded a Notice of Default ("NOD") on June 18, 2008.  (FAC ¶¶ 28, 29; RJN Ex. D.)  ReconTrust recorded two Notices of Trustee's Sale ("NOTS"), one on October 17, 2008, and the other on January 12, 2010.  (RJN Exs. E, F.)  On May 6, 2010, MERS assigned its interest under the DOT to U.S. Bank, N.A., as Trustee for Harborview 2006-1 Trust Fund ("U.S. Bank").  (RJN Ex. G.)  The property was sold at a foreclosure sale on May 6, 2010 to U.S. Bank, and ReconTrust recorded a Trustee's Deed Upon Sale on May 14, 2010.  (FAC ¶ 30; RJN Ex. H.)

Plaintiffs filed this action *in pro per* on November 14, 2011, in Superior Court of California, Los Angeles County, and filed the FAC on November 18, 2011.  They recorded a lis pendens on November 30, 2011.  (RJN. Ex. I.)  The FAC asserts 26 boilerplate causes of action based on contentions that Defendants failed to provide

---

[2] There are two paragraphs listed as paragraph "1" on page 2 of the FAC.  BACHLS is referenced in the second paragraph "1".

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

them with proper disclosures during the origination of their loan in 2005, failed to disclose the risks of the loan, induced them to enter into a loan with "toxic terms" that they could not afford, charged excessive fees, and lacked standing to initiate foreclosure.  (*See* FAC generally.)  Plaintiffs impermissibly assert their causes of action against the plural "Defendants" or "Foreclosing Defendants" and make no attempt to distinguish allegations of wrongdoing against any specific defendant.  In fact, they fail to assert any factual allegations against the named individual defendants, such as Cynthia Quinones.  Based on these allegations, Plaintiffs seek $1.5 million in damages, rescission of the sale and the loan documents, an injunction against eviction and "any acts of unfair competition," quiet title, declaratory relief, attorneys' fees, and costs of suit.  (FAC. pp. 51, 59; Prayer ¶¶ 1-9.)

Moving Defendants timely removed this action to the federal court on January 3, 2012, based on federal question jurisdiction.

## III.   **STANDARD FOR MOTION TO DISMISS**

Motions to dismiss pursuant to Rule 12(b)(6) test the legal sufficiency of the complaint.  *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (A court should grant a Rule 12(b)(6) motion if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (Internal quotes omitted)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 555 (Mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss. (Citations omitted)).  Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

at 555.

In addition to the complaint itself, a court may consider on a motion to dismiss any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, and documents possessed by or known to Plaintiff and upon which he relied in bringing suit. *ATSI Comm., Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The court can consider documents and facts subject to judicial notice and should disregard allegations contradicted by exhibits to the complaint, documents incorporated by reference, or by judicially noticed facts. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Further, a court can dismiss claims without granting leave to amend if amending the complaint would be futile. *See Vasquez v. L.A. County*, 487 F.3d 1246, 1258 (9th Cir. 2007) ("leave to amend would have been futile, and we hold that the district court did not err in preventing such futility").

## IV.   LEGAL ARGUMENT

### A.   Plaintiffs' Claims Are Time-Barred

Plaintiffs entered into their loans with AWL on December 12, 2005, **nearly six years** before they filed their complaint on November 14, 2011. (RJN Exs. B, C.) The majority of their 26 claims, which are based on alleged misconduct at the time they entered into their loans, are thus barred by the applicable statute of limitations. The relevant statutes of limitations are as follows:

| CLAIM | LIMITATIONS PERIOD.  AUTHORITY. |
|---|---|
| **1st** Fraud | 3 years.[3]  Cal. CCP § 338 |
| **8th** Concealment | (fraud/mistake); |

---

[3] The statute of limitations period for these purported claims are dependant on their underlying causes of action. Greenwald & Asimow, *Cal. Prac. Guide: Real Property Transactions*, § 11:531.5 (The Rutter Group, 2008) (citing *Muktarian v. Barmby*, 63 Cal. 2d 558, 560 (1965)) (quiet title); *Hensler v. City of Glendale*, 8 Cal 4th 1, 22-23 (1994) (declaratory relief). *See Marin Healthcare Dist. v. Sutter Health*, 103 Cal. App. 4th 861, 874-875 (2002) (statute of limitations is determined according to underlying theory of plaintiff's claim under California's "gravamen rule"). The allegations in support of these claims refer to the fraud claims, and thus the applicable statute of limitations period is the same period as for fraud.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| CLAIM | LIMITATIONS PERIOD. AUTHORITY. |
|---|---|
| **18th** Quiet Title<br>**19th** Declaratory Relief | |
| **2nd** Negligent Misrep.<br>**3rd** Negligence | 2 years.  Cal. CCP § 339; *E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1316 (2007). |
| **4th** Predatory Lending Law, Cal. Fin. Code §4970 | 3 years.  Cal. CCP § 338(a). |
| **5th** HOEPA<br>**6th** TILA | 3 years (rescission); 1 year (damages). 15 U.S.C. §§ 1635(f) (TILA rescission); 15 U.S.C. §1640(e) (TILA damages). |
| **10th** Cancellation of Unconscionable contract, Cal. Civ. Code § 1670.5<br>**11th** Cancellation of Deed Procured by Fraud<br>**13th** Reformation | 4 years. Cal. CCP § 337(3). |
| **15th** Breach of Implied Covenant | 4 years.  Cal. CCP § 337(1). *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 220 (1991). |
| **16th** Consumer Legal Remedies Act Cal. Civ. Code §1750 | 3 years. Cal. Civ. Code § 1783. |
| **25th** Breach of Fiduciary Duty | 4 years.  Cal. CCP § 343.  *David Welch Co. v. Erskine & Tulley*, 203 Cal. App. 3d 884, 893 (1988). |
| **26th** Breach of Oral Contract | 2 years. Cal. CCP § 339. |

While Plaintiffs attempt to avoid the time-bar by alleging equitable tolling, they fail to plead any facts setting forth their diligence in discovering their alleged harm. They assert vague and self-serving explanations that "[n]one of the Defendants ever disclosed to Plaintiffs…any of the facts set forth above which would have put Plaintiffs on notice as to the actual or potential unsuitability of the mortgage terms," and they did not discover the fraud "until a few weeks before this action was filed" after "immense media coverage of the foreclosure crisis lead [them] to investigate and

seek counsel." (FAC ¶¶ 139, 142, 158.)  This does not justify equitable tolling.

To successfully plead equitable tolling, a plaintiff must set forth facts that if proven would show that "despite all due diligence, [the] plaintiff [was] unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (holding statute of limitations was not equitably tolled).  Equitable tolling "focuses on whether there was excusable delay by the plaintiff," and whether a "reasonable plaintiff would not have known of the existence of a possible claim[.]"  *Id.*  It is available only in "extreme cases," and "[c]ourts have been generally unforgiving . . . when a late filing is due to [a] failure to exercise due diligence in preserving . . . legal rights." *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992).

In this case, Plaintiffs have not alleged any facts demonstrating their due diligence in uncovering the basis for their late-filed claims that would justify equitable tolling.  They allege that the concealed loan terms and fraud during origination caused them to enter into loans they could not afford.  However, they concede that they were aware of the terms of their loan when they signed their loan documents in 2005, and that they were given required disclosures.  (FAC ¶¶ 23, 25.)  Thus, they cannot credibly claim Defendants failed to disclose, or that they were unaware of, the facts regarding their loan.  Moreover, Plaintiffs defaulted on their loan in December 2007. (FAC ¶¶ 25, 28-29; RJN Ex. D.)  Thus, Plaintiffs should have been aware of the "unsuitability" of their loan at least when they began to default, and should have diligently investigated the terms of their loan in December 2007.  However, they waited **nearly four more years after defaulting** to file this lawsuit in November 2011.  These unjustified delays in investigating their claims show lack of diligence.

Thus, the majority of Plaintiffs' claims are *prima facie* untimely, this is not an extreme case that would merit equitable tolling, and there is no factual basis for tolling.  Therefore, their claims should be dismissed without leave to amend.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**B.**      **Plaintiffs Cannot Challenge Foreclosure Without Tender and Therefore the 5th, 6th, 10th, 11th, 12th, 13th, 17th, 18th, 19th, 20th, 21st, 22nd, 23rd, 24th, 25th Causes of Action Necessarily Fail**

Plaintiffs' attempts to set aside the already-completed foreclosure sale and have the loan rescinded fail because they have failed to ***actually*** tender the full, undisputed amount owing on their loan.

"A full tender must be *made* to set aside a foreclosure sale, based on equitable principles." *Stebley v. Litton Loan Servicing*, 2011 Cal. App. LEXIS 1644, at *6 (Nov. 30, 2011) (certified for publication) (affirming judgment sustaining demurrer where plaintiffs tried to attack foreclosure sale but "merely alleged *offers* to tender") (*citing Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996) and *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003)).  Alleged *offers* to tender are not enough to attack an already-completed foreclosure sale.  *Stebley*, 2011 Cal. App. LEXIS 1644, at *6.  "Allowing plaintiffs to recoup the property without full tender would give them an inequitable windfall, allowing them to evade their lawful debt." *Id.* at *7; *see also United States Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1225 (1985) ("It would be futile to set aside a foreclosure sale on [a] technical ground . . . if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property.")  "[N]othing short of the full amount due the creditor is sufficient to constitute a valid tender…." *Gaffney v. Downey Sav. & Loan Ass'n.*, 200 Cal. App. 3d 1154, 1165 (1988).

The tender requirement applies to any claim "implicitly integrated" with the foreclosure sale – not merely claims that challenge the sale, but also those that seek damages related to the sale.  *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 579 (1984) (affirming order sustaining demurrer without leave to amend on claims of wrongful foreclosure, fraud, and negligence relating to foreclosure sale); *see Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971) (claims for breach of oral agreement, accounting, and constructive trust fail absent tender).

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Additionally, Plaintiffs must tender before they can seek equitable remedies, such as declaratory relief, and rescission of the loan documents.  *See Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 118 (1971) ("This requirement is based on the theory that one who is relying upon equity . . . is able to perform his obligations under the contract so that equity will not have been employed for an idle purpose."). "[T]o effect a rescission a party to the contract must.... [r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise[.]"  Cal. Civ. Code § 1691; *Star Pac. Invs., Inc. v. Oro Hills Ranch, Inc.*, 121 Cal. App. 3d 447, 457 (1981) ("[I]n order to obtain rescission of an agreement, including rescission on the basis of inducement into the agreement by the defendant's fraudulent misrepresentation, a plaintiff must generally restore to the defendant everything of value which the plaintiff has received from defendant under the agreement.").

Plaintiffs concede that they are in default on their loan and that their property was sold at a foreclosure sale (FAC ¶ 28-30), but they do not state that they have tendered the amount due and owing on their loan, or even that they owe any amount. In fact, Plaintiffs specifically state that "the Bank's intentional frustration of [the modification] process **renders any attempt to tender the arrears futile and impossible**."  (FAC ¶ 138.)

Because Plaintiffs conceded they cannot tender their debt, their claims alleging irregularities in the foreclosure process and requesting rescission of the loan documents—including the causes of action for violations of HOEPA and TILA, cancellation of unconscionable contact and deed, reconveyance, reformation, accounting, quiet title, injunctive relief, declaratory relief, "to set aside trustee's sale," to void/cancel trustee's deed and assignment of deed of trust, wrongful foreclosure, and breach of fiduciary duty—are barred.  These causes of action can be dismissed with prejudice on this ground alone because, in the words of the Plaintiffs, amendment would be futile.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**C.     The 1st, 2nd, 8th and 11th Claims Based on Fraud Lack Specificity**

   **1.     Standard for Fraud Under Rule 9(b)**

Plaintiffs' first claim is for fraud, their second is for negligent misrepresentation, their eighth is for concealment, and their eleventh claim is for cancellation of deeds procured by fraud. In addition to being time-barred, these claims fail to plead fraudulent conduct with the specificity required for fraud.

Concealment is a species of fraud where the defendant intentionally concealed or suppressed a material fact that it was under a duty to disclose. *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 131-132 (2007). The elements of negligent misrepresentation are similar to those for intentional fraud except for the requirement of scienter. *Charnay v. Cobert*, 145 Cal. App. 4th 170, 184 (2006). In a claim for negligent misrepresentation, the plaintiff must allege that the defendant lacked any reasonable ground for believing the statement to be true (as opposed to, in the case of fraud, knowing it was untrue). *Id.*; Cal. Civ. Code § 1710(2).

The elements of fraud are "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Conroy v. Regents of Univ. of California*, 45 Cal. 4th 1244, 1255 (2009); Civ. Code § 1709. Federal Rule of Civil Procedure Rule 9(b) specifies that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000) (fraud must be pleaded "with a high degree of meticulousness").

This "particularity" requirement means that a plaintiff must specifically plead (1) the contents of the misrepresentation, (2) the identity of the speaker and his or her authority to speak, (3) when and where the statements were made, (4) whether the statements were oral or written and, in the latter instance, the specific documents containing the representations, and (5) the manner in which the representations are allegedly false or misleading. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

531, 549 (9th Cir. 1989); *see also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (Plaintiff is required to plead "the who, what, when, where, and how that would suggest fraud . . . ." ); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.").

Furthermore, Rule 9(b) does not allow a plaintiff to lump together multiple defendants but instead "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).  "[T]he plaintiffs must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'" *Id.* (quoting *Moore*, 885 F.2d at 541).  Vague allegations do not satisfy Rule 9(b).  *See Moore*, 885 F.2d at 540; *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).

## 2.    Plaintiffs' Bare Allegations of Fraud Fail Under Rule 9(b)

Plaintiffs allege that undifferentiated "Defendants" and "the Bank" used deceptive advertising, overstated Plaintiffs' income in their loan application, promised "low fixed interest rates," that the loan was "favorable" and "affordable", that "if the loan ever became unaffordable…[they] could come back to them and they would refinance the loan", and "that [AWL] was the lender and funder of the loan" (FAC ¶¶ 71-87, 146, 149, 150, 152, 154.)

Plaintiffs allege these representations were not true because they were given an adjustable rate loan that was "toxic and predatory in nature," and AWL was not the actual lender but "was little more than a broker for the securities." (FAC ¶¶ 148-149, 153-154, 164.)  Plaintiffs further allege that Defendants "intentionally concealed and failed to disclose the true nature of the loan," and failed to disclose their intent to sell the loan to a trust pool, which they "owed an obligation to disclose."  (FAC ¶¶ 24, 153, 199.)  They allege that based on these "fraudulent actions, Plaintiffs are entitled to have the subject deed of trust cancelled."  (FAC ¶ 224.)

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Plaintiffs' claims fail to meet the particularity required under both federal and state law.  Plaintiffs do not specify **what** specific *facts* were misrepresented or concealed.  Instead Plaintiffs speak in generalities about being offered a loan they could not afford and not being told the "true nature" of the loan.  They do not assert whether the misrepresentations were oral or written and they fail to identify **who** made the above "representations" and **when** or **where** they were made.  Plaintiffs also make no attempt to distinguish between the various Defendants, defaulting to allegations that "the Bank" and "Defendants" committed the misconduct.  Because Plaintiffs' vague allegations of wrongdoing lack specificity, these causes of action must fail.

Furthermore, Plaintiffs' claims are refuted by contradictory allegations in their FAC, facts subject to judicial notice in their DOT, and by California law.  For example, Plaintiffs admit that before signing the loan documents, "Plaintiffs realized that it was an Adjustable Rate Mortgage."  (FAC ¶ 25.)  Thus, they cannot claim they were induced into the loan by an alleged misrepresentation that the loan had a fixed interest rate because they **knew** it had an adjustable rate before they accepted it.  Moreover, their signed loan documents demonstrate that the material terms of the loan were disclosed to Plaintiffs and that AWL was indeed the lender of their loans.  (RJN Exs. A-C.)  Additionally, any misrepresentations in the loan application would constitute fraud on the lender, not on the borrower, because the loan application contains representations *from the borrower to the lender*.  Finally, California law holds that lenders have no duty ensure that a loan will be affordable or to disclose to a borrower that a loan represents an unsafe investment.  *See Perlas v. GMAC Mortgage, LLC*, 187 Cal. App. 4th 429, 436 (2010); *Nymark*, 231 Cal. App. 3d 1089, 1096 (1991).  Therefore, these causes of action should be dismissed.

### D.     The 3rd and 25th Claims Fail Because AWL Owed No Duty

In addition to being time-barred, Plaintiffs' third claim for negligence and twenty-fifth claim for breach of fiduciary duty fail because AWL, the only defendant these claims are asserted against, did not owe a duty of care to Plaintiffs.  "The

existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark*, 231 Cal. App. 3d at 1095.  Similarly, to state a cause of action for breach of fiduciary duty, a plaintiff must allege "the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." *Roberts v. Lomanto*, 112 Cal. App. 4th 1553, 1562 (2004).

"However, as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1093 n.1.  Likewise, a contractual relationship amounting to a "debtor/creditor relationship" does not create a fiduciary duty.  *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 32-33 (2003).  More specifically in the context of a mortgage transaction, a lender has no fiduciary duty to a borrower when a borrower obtains a loan through the course of an ordinary lender-borrower relationship.  *See, e.g., Nymark*, 231 Cal. App. 3d at 1096 ("A commercial lender is entitled to pursue its own economic interests in a loan transaction.... [a] right [that] is inconsistent with the obligations of a fiduciary" which might otherwise imply a duty of care.).

Here, Plaintiffs allege AWL "automatically occup[ied] a fiduciary relationship" and owed them a duty of care in the supervision and training of its agents and in the underwriting of Plaintiffs' loan.  (FAC ¶¶ 168, 287.)  Plaintiffs claim AWL breached these duties by failing to prevent its agents from perpetrating fraud, failing to adhere to established underwriting standards, and acting on behalf of its own interests that were adverse to Plaintiffs'.  (FAC ¶¶ 169-170, 290-291.)  However, as a conventional financial institution, AWL owed **no duty** to Plaintiffs, fiduciary or otherwise, and was entitled to pursue its own economic interests.  Thus, these claims should be dismissed.

## E.    The Fourth Cause of Action for Predatory Lending (Cal. Fin Code § 4970) Is Time-Barred and Conclusory

In addition to being time-barred by a 3-year limitations period (*see* Sect. IV.A, *supra*), Plaintiffs' claim under California Financial Code § 4970 is conclusory.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Plaintiffs allege that the "subject loan is a 'covered loan'", that the "loan provides for origination points and fees, which exceeds 6% of original principal balance", that Defendants failed to provide required "disclosures and warning [sic]", and Defendants entered into a loan with "far less favorable terms", knowing that Plaintiffs "were unable to repay the loan."  (FAC ¶¶ 173-174.)

Section 4970 enumerates prohibited acts pertaining to "covered" loans. Additional disclosures required under the statute are required only for "covered loans."  Cal. Fin. Code § 4973.  A "covered loan" is defined by Section 4970 as:

> a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:
>
> (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.
>
> (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

Here, Plaintiffs allege no facts establishing that their loan actually qualifies as a "covered loan" under Section 4970 and their assertion that their loan is "covered" is conclusory. *Pottinger v. Accredited Home Lenders, Inc.*, 2009 U.S. Dist. LEXIS 18074, 2009 WL 616445 (E.D. Cal. 2009).  They fail to: provide the original principal balance for their loan, allege that their loan is a single-family first mortgage loan, or allege facts demonstrating that their loan meets either subsection (1) or (2) for a "covered loan".  Their bald allegation that the originating points and fees exceeds six percent of the principal balance is insufficient.  Thus, this claim should be dismissed.

## F.   The 5th and 6th Claims for Violations of HOEPA and TILA are Time-Barred, Require Tender, and are Conclusory

Plaintiffs' HOEPA and TILA claims fail for three reasons. First, the claims are

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

barred by the statute of limitations.  Second, they are not entitled to rescind the loan due to their failure to allege tender.  Third, their claims are conclusory and insufficiently pled.

Plaintiffs assert that "Defendants" failed to provide disclosures, falsified applications, charged excessive interest rates, and "failed to disclose the true lender/funder of the loan and owner of the related note." (FAC ¶¶ 180, 183).  Based on these allegations, they seek to rescind the loan and to be awarded damages.  (FAC ¶¶ 185-186.)

Under the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, and its implementing regulations, 12 C.F.R. § 226.1, *et seq.*, a lender must make certain disclosures to a borrower before the consummation of a loan.  15 U.S.C. § 1638(a) & (b); 12 C.F.R. §§ 226.17(b), 226.23(b); *see Yamamoto v. Bank of New York*, 329 F. 3d 1167, 1169 (9th Cir. 2003).  TILA provides causes of action for rescission and damages if the lender does not make the required disclosures.

Initially, Plaintiffs' TILA and HOEPA claims for rescission and damages are time-barred.  The time period to bring an action under TILA for rescission is three years, and for damages the time period is one year from the date of the violation.  15 U.S.C. §§ 1635(f); 1640(e); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).  HOEPA is an amendment to TILA and has the same applicable statute of limitations.  *Kemezis v. Matthew*, No. Civ.A. 07-5086, 2008 WL 2468377, at *3 (E.D. Pa. June 16, 2008).  The date of the violation refers to the date "the loan documents were signed." *Meyer v. Ameriquest Mortg. Co.*, 342 F. 3d 899, 902 (9th Cir. 2003).  Plaintiffs signed their loan documents on December 12, 2005, **almost six years** before filing this action on November 14, 2011.  (RJN Exs. A-C.)  Thus, their claims are *prima facie* time-barred.

They argue that the statutes of limitations "were tolled due to Defendants' failure to effectively provide the required disclosures and notices."  If this were the case, every alleged violation of TILA would toll the statute of limitations, and such

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

time limits would be meaningless.  Where a plaintiff alleges TILA violations during initial disclosures, equitable tolling is not appropriate if "nothing prevented [plaintiff] from comparing the loan contract, [the] initial disclosures, and TILA's statutory and regulatory requirements."  *Hubbard v. Fidelity Federal Bank*, 91 F. 3d 75, 70 (9th Cir. 1996).  Here, Plaintiffs fail to assert any facts showing that they were prevented from reading TILA's statutory requirements and uncovering the alleged nondisclosures within the limitations period.  Thus, the claims should be dismissed with prejudice.

Second, Plaintiffs fail to allege tender of the amount owed on their loan and so their claim for rescission fails.  In order to prevail on a TILA rescission claim, the borrower will be obligated to tender the property the borrower received from the creditor under the loan.  *See* 15 U.S.C. § 1635(b); 12 C.F.R. §226.23(d); *see also Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003) ("Rescission should be conditioned on repayment of the amounts advanced by the lender").  Here, Plaintiffs fail to allege even an ability to tender the full amount owing on their loan and, in fact, assert that such a feat is "impossible" and "futile".  (FAC ¶ 138.)

Finally, Plaintiffs' HOEPA and TILA allegations are insufficiently pled. HOEPA is an amendment to TILA, designed to "combat predatory lending," and applies only to certain high cost loans.  *In re First Alliance Mortgage Co.*, 471 F.3d 977, 984 n.1 (9th Cir. 2006); 15 U.S.C. §§ 1602(aa) & 1639.  To plead a HOEPA violation, a plaintiff must allege facts showing that the loan is one covered by the statutes.  *Lynch v. RKS Mortg., Inc.,* 588 F. Supp. 1254, 1260 (E.D. Cal. 2008) (plaintiffs must allege "particular facts showing that the percentage threshold for HOEPA protection was actually crossed in this case"); *see also Yulaeva v. Greenpoint Mortgage Funding, Inc.*, 2010 WL 5394859, at *4 (E.D. Cal. 2010).  Plaintiffs' allegations fall short of this requirement.  While they allege that "[t]he subject loan was for a principal dwelling subject to the provisions of [HOEPA]" (FAC ¶ 179), they provide no factual support for this conclusory claim.

Their TILA claim is similarly conclusory.  They fail to describe the allegedly

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

omitted disclosures, they assert fraud allegations that are not covered by TILA's provisions, and their bizarre claim that the "true lender/funder of the loan" was not disclosed is refuted by their signed Note and DOT which show that AWL was their lender.  (RJN Exs. A-C.)  Thus, these claims should be dismissed.

### G.   Plaintiffs Lacks Standing to Assert the 7th Cause of Action for Violations of Cal. Bus. & Prof. Code § 17200

Plaintiffs allege that "Foreclosing Defendants" have committed acts of unfair business practices in violation of Section 17200 of the California Business and Professions Code (the "UCL") by engaging in a host of "deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust," and foreclosure activities.  (FAC ¶ 192.)  These practices include engaging in "overly aggressive servicing," "assessing improper or excessive late fees," wrongfully claiming "default or delinquent status to generate unwarranted fees," wrongfully foreclosing, mishandling mortgage payments, "[e]xecuting and recording false and misleading documents," and "[a]cting as beneficiaries and trustees without the legal authority to do so."  (FAC ¶¶ 192, 194.)  They vaguely allege "Plaintiffs and California consumers have suffered and will continue to suffer damages in the form of unfair and unwarranted late fees and other improper fees and charges."  (FAC ¶ 196.)

Plaintiffs lack standing to bring a UCL claim because they have not alleged **facts** establishing the alleged "unwarranted…fees and charges" they claim to have suffered, nor have they alleged any causal connection between moving Defendants and their alleged harm.

To establish standing, plaintiffs must "make a twofold showing:  [they] must demonstrate injury in fact *and* a loss of money or property caused by unfair competition."  *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008).  A plaintiff must show a "distinct and palpable injury," one that is "concrete and particularized" and "not conjectural or hypothetical."  *Id.*  Here, Plaintiffs' wholly conclusory claim of unwarranted fees and charges is insufficient to establish a

concrete and particularized injury required to meet the element of standing. Additionally, a plaintiff must plead a UCL claim with particularity. *People v. McKale*, 25 Cal. 3d 626, 635 (1979) (holding "purely conclusionary" allegations of UCL violations are "insufficient to withstand demurrer"). Here, Plaintiffs have merely asserted broad allegations of wrongdoing against mysterious "Foreclosing Defendants". They have not alleged how moving Defendants acted wrongfully or caused them to be charged unwarranted late fees, or even why the alleged fees were unwarranted. Because these allegations are entirely conclusory, they fail to state a claim for violation of the UCL.

**H.     The 9th Claim for Civil Conspiracy is Not a Cause of Action**

Plaintiffs' ninth claim for Civil Conspiracy is based an alleged scheme of predatory lending "to defraud and victimize unwitting home buyers" which occurred "just prior to the execution of the mortgage agreement…." (FAC ¶ 205.) However, Under California law, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994); *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.* 122 F. 3d 1211, 1228 (9th Cir. 1997). Because civil conspiracy is not a separate cause of action, a plaintiff cannot plead it as such. Instead, a plaintiff must plead allegations of civil conspiracy under other independent tort causes of action in the complaint. *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 947 (N.D. Cal. 2003) (dismissing civil conspiracy cause of action "against all defendants with prejudice because plaintiff cannot plead conspiracy as an independent cause of action").

**I.     The 10th Claim for Unconscionability Is Not a Cause of Action**

Not only is Plaintiffs' self-styled tenth cause of action for "Cancellation of Unconscionable Contract Provision" under Cal. Civ. Code § 1670.5 time-barred, but California law does not recognize unconscionability as an affirmative cause of action.

Rather, unconscionability is merely a defense to the enforceability of a contract. *Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal. App. 3d 758, 766 (1989) (holding there is no affirmative cause of action created by Civ. Code § 1670.5). For these reasons, this cause of action fails as a matter of law.

**J.      The 12th Claim For Re-conveyance of Title Is Not Recognized**

Plaintiffs' self-styled twelfth claim for "Re-Conveyance of Title" under "the doctrines of the Covenant of Further Assurances and the Covenant of Warranty" is not a recognized cause of action in California. To the extent Plaintiffs can seek such relief independently, this claim fails for lack of tender.

**K.      The 13th, 14th, 17th, 19th, and 20th Claims Are Not Causes of Action**

Plaintiffs' purported claims for Reformation (13th), Unjust Enrichment (14th), Accounting (17th), Declaratory Relief (19th), and Injunctive Relief (20th), fail because they are remedies and not causes of action under California law. Reformation is not an independent cause of action and can be granted only where plaintiffs can demonstrate a valid underlying cause of action justifying reformation. *Landis v. Superior Court*, 232 Cal. App. 2d 548, 555 (1965); *Arreola v. Wells Fargo Home Mortg.*, 2011 U.S. Dist. LEXIS 33493 (E.D. Cal. 2011). Additionally, "[t]here is no cause of action in California for unjust enrichment." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010). Moreover, an accounting, injunctive relief, and declaratory relief are also not independent causes of action, but are rather equitable remedies that must be dismissed when adequate remedies at law are available. *Batt v. City and County of San Francisco*, 155 Cal. App. 4th 65, 82 (2007).

Here, Plaintiffs plead no facts demonstrating that such remedies would be justified and the underlying causes of action fail for reasons pointed out in this motion. Nor do Plaintiffs allege tender, which is required in order to seek such equitable remedies. *See* Section IV.B, *supra*. Rather, they expressly state that tender is impossible (FAC ¶ 138). Plaintiffs further fail to show that adequate legal remedies are unavailable, especially in light of the fact that they are seeking $1.5 million in

statutory and other damages for their dozens of causes of action.  (FAC Prayer, ¶¶ 6, 8.)  Accordingly, dismissal of these purported causes of action is warranted.

**L.     The 15th Claim Does Not Allege Any Express Loan Terms Affected**

Plaintiffs' 15th claim vaguely alleges that "Defendants willfully breached their implied covenant of good faith and fair dealing with Plaintiffs with the wrongful acts described herein."  (FAC ¶ 241.)  Because Plaintiffs do not identify any breach of any specific term or benefit under any agreement, this claim must fail.

Every contract contains an implied covenant of good faith and fair dealing that "neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Kransco v. Am. Empire Surplus Lines Ins. Co.,* 23 Cal. 4th 390, 400 (2000).  But that is **all** the implied covenant does – it is "limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004).  Additionally, in normal commercial banking transactions, tort claims do not lie for breach of the covenant of good faith and fair dealing. *Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App. 3d 726, 731 (1989).

Here, Plaintiffs' general allusions to "the wrongful acts described herein" fails to inform Defendants or the Court what allegations of wrongful acts support this claim.  Nor do Plaintiffs allege that moving Defendants breached or interfered with specific terms of any agreement.  Accordingly, this claim should be dismissed.

**M.     Plaintiffs Cannot State a CLRA Claim (16th) Against Defendants**

Notwithstanding Plaintiffs' allegation that the subject loan transaction "result[ed] in the rendering of services within the meaning of the Consumers Legal Remedies Act," ("CLRA"), the CLRA does not apply to Plaintiffs' loan.

The CLRA makes unlawful certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Civ.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Code § 1770(a).  "Services" are defined as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." Civ. Code § 1761(b).  The extension of credit does not qualify as either a "good" or "service" under the CLRA. *Berry v. Am. Express Publ'g Co.*, 147 Cal. App. 4th 224, 233 (2007).  Assisting prospective customers in selecting an intangible good, such as a loan, does not qualify as a "service" under the CLRA. *See Fairbanks v. Superior Court*, 46 Cal. 4th 56, 65 (2009).

Here, Plaintiffs' CLRA claim is based on Defendants allegedly "inserting an unconscionable interest rate provision in the loan…."  (FAC ¶ 245.)  Not only is this claim barred by a three-year limitations period (Civ. Code § 1783) but it also fails as a matter of law because offering a home loan does not qualify as a "good" or "service" under the CLRA. *See Consumer Solutions Reo, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1015-1017 (N.D. Cal. 2009).  Additionally, the CLRA requires a plaintiff to file a jurisdictional affidavit concurrently with the complaint.  Civ. Code § 1780(c) ("If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss the action . . . .")  Because this claim fails as a matter of law, the Court should dismiss this claim with prejudice.

## N.   Plaintiffs Do Not, and Cannot, State a Claim to Quiet Title (18th)

In order to maintain a claim for quiet title, a plaintiff must include:  (1) a description of the subject property; (2) the title of the plaintiff as to which determination is sought and the basis of the title; (3) the claims adverse to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for determination of the title of the plaintiff against adverse claims. *Id.* at § 761.020(a)-(e); *see generally* 5 Witkin, California Procedure § 663, p. 90 (5th ed. 2008).  "[I]f the plaintiff fails to show any legal interest in the property in controversy, and as to which he asserts title, he must fail altogether . . . ." *Wright v. City of Morro Bay,* 144 Cal. App. 4th 767, 775 (2006).

Here, Plaintiffs have not shown any legal interest in the property that would

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

entitle them to quiet title because they concede that the Property was sold at a trustee's sale more than a year ago following their default on their loan, in accordance with the terms of a deed of trust that they signed.  (FAC ¶¶ 25, 28-30, 268; RJN Exs. B, E, H.)

Plaintiffs base their claim to quiet title on utterly confusing and nonsensical allegations that "[a]s to date of the Notice of Trustee's Sale, Plaintiffs are the title owner of the Subject Real Property [and that they] now have an equitable or other interest in the subject Real Property due to [their] claims and causes of  action as set forth in this Complaint."  (FAC ¶ 254.)  Plaintiffs further baldly allege—without any factual support—that "the Bank is not the owner and has no actual interest in the Property . . . [and that] a full satisfaction and re-conveyance has been recorded in favor of Plaintiffs, effectively extinguishing any claim that the Bank may have against the Property."  (FAC ¶ 255.)  These claims are not supported with any factual allegations, nor with statements that the debt has been tendered.  This claim thus fails.

## O.   The 21st, 22nd, 23rd, and 24th Causes of Action Alleging Defects in the Foreclosure Process Fail As a Matter of Law

Causes of action 21 through 24 allege wrongful foreclosure based on assertions that "Foreclosing Defendants never had the legal authority to foreclose" because "Defendants did not have standing or legal authority to assign the deed of trust" in that none were the lawful beneficiary, and the DOT was improperly assigned in violation of Cal. Civ. Code § 2932.5.  (FAC ¶¶ 267-269, 271, 274, 277-278.)  Plaintiffs additionally allege that Defendants failed to comply with Cal. Civ. Code §§ 2923.5 and 2923.6.

First, Section 2932.5 fails to provide any basis for Plaintiff's wrongful foreclosure claim because California courts have held for over 100 years that Section 2932.5 does **not** apply to power of sale provisions in deeds of trust.  *Stockwell v. Barnum*, 7 Cal. App. 413, 417 (1908); *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118, 122 (2011).

Second, MERS, as the designated beneficiary in the DOT (RJN Ex. B, p. 3),

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

had the authority to assign its interests in the DOT to U.S. Bank.  California courts consistently recognize MERS's status as beneficiary under a DOT and have specifically recognized its authority to assign beneficial interests in a DOT.  *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270-271 (2011) (holding MERS's status as nominee/beneficiary for the lender in the DOT authorizes it to take all actions a lender may take, including assigning interest in the Note and DOT); *Calvo*, 199 Cal. App. 4th at 125 ("MERS also had the right to initiate foreclosure…pursuant to the express language of the deed of trust.").

Third, Section 2923.5 is a provision concerned with giving notice to borrowers in default which **does not apply** after a foreclosure sale has taken place.  Insofar as Section 2923.5 gives rise to any right of action, it is only for the limited right to **postpone** a foreclosure sale so that a lender can comply with the statute, or in the words of the *Mabry* court, for "More Time and Only More Time."  *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 231 (2010).  Because Plaintiffs allege that their property has already been sold (FAC ¶ 30), this claim is moot.  *Id.* at 230-235.

Finally, Section 2923.6 does not assist Plaintiffs because it does not impose any duty on Defendants to modify a loan, nor does it provide Plaintiffs with a private right of action.  *Farner v. Countrywide Home Loans, Inc.*, No. 08-CV-2193, 2009 WL 189025, at *2 (S.D. Cal. Jan. 29, 2009).  Thus, these claims fail.

### P.    The 26th Claim for Breach of Contract Fails Against Defendants

To state a cause of action for breach of contract, a plaintiff must plead:  (a) the existence of the contract; (b) plaintiff's performance of the contract or excuse for nonperformance; (c) defendant's breach; and (d) damage to Plaintiff.  *Canova v. Trustees of Imperial Irr. Dist. Employee Pension Plan*, 150 Cal. App. 4th 1487, 1494 (2007).  A defendant cannot be held in breach of an agreement to which it is not a party.  *Tri-Continent Int'l Corp. v. Paris Sav. & Loan Ass'n*, 12 Cal. App. 4th 1354, 1359 (1993).

Here, Plaintiffs allege only that "Plaintiffs and Defendants DOES 1-20 entered

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

into an oral contract whereby said Defendants agreed to perform their obligations as licensed brokers in conformity with the rules and regulations governing brokers…." (FAC ¶ 295.)  Not only do they fail to allege that moving Defendants were parties to the contract, but they also fail to identify any breach by moving Defendants.  Thus, they have not alleged a viable claim for breach of contract against moving Defendants.

## V.   PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES FAILS

Plaintiffs seek punitive damages.  (FAC ¶¶ 161, 177, 180, 188, 203, 209, 225, 248, 293.)  However, Plaintiffs offer no legal support for their request.

The "mere allegation an intentional tort was committed is not sufficient to warrant an award of punitive damages.  Not only must there be circumstances of oppression, fraud or malice, but facts must be alleged in the pleading to support such a claim." *Grieves v. Superior Court,* 157 Cal. App. 3d 159, 166 (1984).

Furthermore, when a plaintiff's complaint contains a "conclusory characterization of a defendant's conduct as oppressive, malicious and fraudulent, such a complaint is patently insufficient to support a claim for punitive damages." *Smith v. Superior Court*, 10 Cal. App. 4th 1033, 1042 (1992).  In addition, to recover punitive damages from a corporation, a plaintiff must also allege that an officer, director, or managing agent of the corporation had advanced knowledge of the unfitness of one or more of its employees and with conscious disregard to the rights of others, authorized, or ratified the employee's wrongdoing.  Cal. Civ. Code § 3294(b).

Plaintiffs' FAC is devoid of any plausible allegations showing that any of the Defendants acted with malice, oppression, or fraud.  Plaintiffs do not allege with any specificity conduct showing that Defendants acted wrongfully at the level required for punitive damages.  Plaintiffs' request should therefore be dismissed.

## VI.   PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES FAILS

Plaintiffs also request attorneys' fees.  (FAC ¶ 197, 215; Prayer ¶ 8.)  A party cannot recover attorney's fees unless provided for by statute or agreement.  Cal. Civ. Proc. § 1021.  First, Plaintiffs bring this action *in pro per* and therefore cannot request

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**attorneys' fees**.  Second, the FAC fails to identify an applicable statute or specific terms of an agreement that would allow Plaintiffs to recover attorney's fees. Plaintiffs' request for attorney's fees thus fails and should be dismissed.[4]

## VII.   CONCLUSION

None of the twenty-six purported causes of action in Plaintiffs' FAC states a valid claim against moving Defendants because they are time-barred, fail for lack of tender, are asserted against the wrong parties, and fail to meet federal pleading requirements.  These defects such as the statutes of limitation and failure to tender are fatal, and cannot be cured by amendment.  Therefore, for the foregoing reasons, this Court should grant the motion to dismiss without leave to amend.

Dated:  January 10, 2012

Respectfully submitted,

Brian J. Recor
Andrea N. Winternitz
**BRYAN CAVE LLP**


By:   /s/ Andrea N. Winternitz
            Andrea N. Winternitz
Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.
dba AMERICA'S WHOLESALE LENDER;
U.S. BANK NATIONAL ASSOCIATION;
RECONTRUST COMPANY, N.A.; BANK
OF AMERICA, N.A. (as successor by merger
to BAC HOME LOANS SERVICING, LP);
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; and
CYNTHIA QUINONES

---

[4]      This Court may alternatively choose to strike Plaintiffs' request for punitive damages and attorneys' fees from the FAC.  Under Fed. R. Civ. Proc. Rule 12(f), the Court has considerable discretion in deciding whether to strike "any redundant, immaterial, impertinent, or scandalous matter" in a plaintiff's complaint.  A "motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law."  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, n.34 (C.D. Cal. 1996).

Defendants are mindful, however, of recent case law holding that "Rule 12(f) does not authorize district courts to strike claims for damages on the grounds that such claims are precluded as a matter of law."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010). Consequently, Defendants instead request that this Court dismiss Plaintiffs' requests for attorneys' fees and punitive damages under 12(b)(6).

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

24

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT